IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MATTHEW G. JENNINGS, | No. C 10-0266 LHK (PR) |
| Petitioner, | ORDER OF DISMISSAL |
| vs. | |
| M. MARTELL, Warden, | |
| Respondent. | |

Petitioner, a state prisoner proceeding *pro se*, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the reasons that follow, the Court DISMISSES the petition.

**DISCUSSION**

**A.    Standard of Review**

This Court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a state court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); *Rose v. Hodges*, 423 U.S. 19, 21 (1975).

A district court shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243.

Order of Dismissal
P:\PRO-SE\SJ.LHK\HC.10\Jennings266dis.wpd

**B.     Petitioner's Claims**

As grounds for federal habeas relief Petitioner claims that: (1) his two restitution fines imposed by the state court can no longer be enforced because the statute of limitation has run, and (2) the restitution fines were imposed without regard to his ability to pay.

The federal habeas statute does not provide jurisdiction over a claim challenging a restitution order, even when the petitioner is incarcerated. *Bailey v. Hill*, 599 F.3d 976, 980 (9th Cir. 2010). In *Bailey*, the petitioner pleaded guilty and was ordered to pay restitution. He filed a section 2254 petition alleging that his counsel provided ineffective assistance by not objecting to the restitution order. The Ninth Circuit affirmed the dismissal of the petition on the ground that the petitioner did not meet section 2254's "in custody" requirement for jurisdiction. *Id.* The Ninth Circuit concluded that section 2254 does not confer jurisdiction over a state prisoner's in-custody challenge to the non-custodial portion of his criminal sentence, such as a restitution order. *Id.* at 981.

Here, Petitioner's claims challenge only the restitution fines imposed. Petitioner does not allege that he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254. Petitioner does not claim that his custody or conviction is unlawful. Thus, this Court lacks jurisdiction to consider Petitioner's challenge to the restitution order imposed by the trial court.

Accordingly, the instant action is DISMISSED. The clerk shall enter judgment and close the file.

IT IS SO ORDERED.

DATED:     8/11/10

_Lucy H. Koh_
LUCY H. KOH
United States District Judge